UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case Number 93-80803-BC
v.                                 Honorable Thomas L. Ludington

RAYMOND SMITH,

        Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE, MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO A CRACK COCAINE OFFENSE, AND MOTION FOR RELIEF FROM VOID JUDGMENT

        On January 12, 1996, Defendant was convicted by a jury for violations of 21 U.S.C. § 846 (count 1 – conspiracy to distribute and to possess with intent to distribute controlled substances, heroin and cocaine); 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 2 (count 2 – attempted possession with intent to distribute cocaine, a Schedule II substance, aiding and abetting); and 18 U.S.C. § 924(c) (count 3 – use or carrying a firearm during and in relation to a drug trafficking crime). A sentencing hearing was held before the Honorable Paul V. Gadola on June 11, 1996; and Defendant was sentenced to 135 months of imprisonment on counts 1 and 2, 60 months of imprisonment on count 3 to be served consecutively with counts 1 and 2, and 5 years of supervised release.

        Now before the Court are Defendant's motion to modify sentence [Dkt. # 336], motion for retroactive application of sentencing guidelines to a crack cocaine offense [Dkt. # 340], and motion for relief from void judgment [Dkt. # 341]. Pursuant to a 2008 administrative order and E.D. Mich. LcrR 57.10(b)(5), these post-judgment motions were reassigned from Judge Gadola to Judge

Thomas L. Ludington when they arose. For the reasons stated below, each of Defendant's motions will be denied.

I

Both Defendant's motion to modify sentence [Dkt. # 336] and motion for retroactive application of sentencing guidelines to a crack cocaine offense [Dkt. # 340] implicate the Court's jurisdiction to modify a sentence pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides an exception to the general rule that federal courts do not have jurisdiction to modify a sentence already imposed. *See United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006). It allows a federal court to modify a sentence already imposed in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion. 18 U.S.C § 3582(c)(2). The court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § ] 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *Id.*

A

First, in his motion to modify sentence [Dkt. # 336], Defendant asserts that Amendments 484 and 518 to the Sentencing Guidelines warrant a reduction in his sentence. Amendment 484, effective November 1, 1993, and applied retroactively, altered U.S.S.G. § 2D1.1, which identifies base offense levels for types and quantities of drugs. *United States v. Jackson*, 113 F.3d 1236 (table), 1997 WL 201556, at * 1 (6th Cir. 1997). With respect to quantities, the amendment provides that "materials that must be separated from the controlled substance before the controlled substance

can be used" must be excluded. *Id.* Amendment 518, effective November 1, 1995, codified the position expressed in *United States v. Davern*, 970 F.2d 1490, 1494 (6th Cir. 1992) (en banc), that "the entire negotiated amount of drugs in a 'reverse buy' is properly attributable to the defendant as relevant conduct where the defendant had the apparent intention and ability to carry out the intended transaction." *Jackson*, 1113 F.3d 1236 (table), 1997 WL 201556, at * 2. In other words, when an undercover government agents supplies a defendant with both real and "sham" drugs as part of a transaction, the defendant is held responsible for the quantity of both real and sham drugs, consistent with his intent to purchase real drugs.

Here, Defendant negotiated with undercover government agents to purchase 2 kilograms of cocaine for a price of $21,000 per kilogram. *See generally United States v. Smith*, 149 F.3d 1185 (table), (affirming convictions). When the transaction was to take place, Defendant brought approximately $41,300, and the undercover agents did not bring any real or sham drugs. Defendant was arrested before any money, or drugs, changed hands. In his motion for a sentence reduction, Defendant contends that he was not capable of producing the negotiated amount of money during the transaction, and implies that he would therefore have received less than 2 kilograms of cocaine had the transaction been completed. Thus, Defendant suggests that his offense level should be reduced from 28 to 26, to reflect a drug quantity of 500 grams to less than 2 kilograms, rather than a drug quantity of 2 kilograms to 3.5 kilograms.

Importantly, Defendant was sentenced on June 11, 1996. Amendments 484 and 518 became effective November 1, 1993, and November 1, 1995, respectively. Thus, Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C § 3582(c)(2).

Accordingly, Defendant is not entitled to relief under § 3582(c)(2), and his motion to modify sentence [Dkt. # 336] will be denied.

B

Second, in his motion for retroactive application of sentencing guidelines to a crack cocaine offense [Dkt. # 340] Defendant asserts that Amendment 706 (as amended by Amendment 711) to the Sentencing Guidelines (hereinafter referred to as the "crack amendment") warrant a reduction in his sentence. Effective November 1, 2007, the crack amendment generally reduces the disparity of sentences imposed on those convicted of possession of different forms of cocaine, such that the base offense level associated with a quantity of crack cocaine is lowered by two levels. *See* U.S. Sentencing Guidelines Manual, Supplement to Appendix C 226-31 (2007). Effective March 3, 2008, the Commission made the crack amendment retroactive. *See* U.S. Sentencing Guidelines Manual, Supplement to the 2007 Guidelines Manual i, 1-4 (Mar. 3, 2008).

On October 6, 2009, a United States Probation Officer submitted a report pursuant to U.S.S.G. § 1B1.10. The report indicates that Defendant is not eligible for a sentence reduction because his guidelines range was calculated using powder, not crack, cocaine. A statement provided by counsel appointed to represent Defendant with respect to this matter is in agreement. *See* [Dkt. # 346]. On this basis, Defendant's motion for retroactive application of sentencing guidelines to a crack cocaine offense [Dkt. # 340] will be denied.

II

Defendant's motion for relief from void judgment [Dkt. # 341] challenges the procedures by which $41,717 was forfeited to the U.S. Government. While Defendant's motion purports to be brought pursuant to Federal Rule of Civil Procedure 60(b)(4), which allows a federal court to

provide a party relief when a "judgment is void," Defendant does not raise a jurisdictional issue, but argues that the forfeiture process violated his constitutional rights. Significantly, when Defendant sought to challenge the forfeiture proceedings several years ago, this Court and the Sixth Circuit Court of Appeals determined that Defendant's challenges were not timely. *See United States v. Smith*, 238 F.3d 425 (table), 2000 WL 1872051 (6th Cir. 2000). Defendant's challenges remain untimely, and his motion will be denied.

III

Accordingly, it is **ORDERED** that Defendant's motion to modify sentence [Dkt. # 336], motion for retroactive application of sentencing guidelines to a crack cocaine offense [Dkt. # 340], and motion for relief from void judgment [Dkt. # 341] are **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 16, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 16, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS